IN THE MATTER OF MARY MOE. No. 88-P-574. June 1, 1988. *Minor, Abortion. Abortion.*

After conducting a hearing under G. L. c. 112, § 12S, a judge of the Superior Court declined to authorize an abortion of a sixteen year old minor's pregnancy. That denial constituted a final judgment from which the minor appealed to this court. See *Matter of Moe*, 12 Mass. App. Ct. 298, 300 (1981). We have listened to a tape recording of the hearing. It disclosed two errors which require that we vacate the order of denial and authorize performance of the required abortion. Our order to that effect was entered on May 20, 1988.

1. *Conduct of the hearing.* We are concerned first with the conduct of the hearing. After putting to the minor some of the questions suggested in Standing Order No. 12-80 of the Superior Court, the judge refused the persistent requests of the minor's counsel to ask the minor questions. Section 12S provides for the appointment of counsel for a minor seeking to exercise rights under the statute. We think that the right to counsel conferred by the statute carries with it the concomitant right to have counsel present evidence on behalf of the minor's petition, through questioning of the minor and otherwise. Counsel also has the right to argue on behalf of the minor, a right afforded in this case.

The elements of a hearing will vary with the nature of the proceeding. Friendly, Some Kind of a Hearing, 123 U. Pa. L. Rev. 1267, 1270 (1975). At least, the concept of a hearing connotes the right of the interested party to offer evidence and express its views and reasons in a fashion appropriate to the circumstances. See *Milton Commons Assoc.* v. *Board of Appeals of Milton*, 14 Mass. App. Ct. 111, 114-115 (1982). In the case of a hearing to obtain consent to an abortion pursuant to G.L. c. 112, § 12S, the Superior Court judge understandably strives to minimize the intimidating effect the proceeding is likely to have on the minor. The judge, therefore, may wish to play the primary role in questioning the applicant. It is open to the judge to invite counsel to suggest questions to be put by the judge. Nothing in the nature of proceedings under § 12S, however, precludes the right of a minor to have relevant questions asked by her own counsel. Counsel for the applicant, with foreknowledge of the case, may be able to draw out salient information which the judge's questioning will miss.

The difficulty of refusing to let counsel inquire of her client is illustrated in this case by the judge's failure to receive evidence about the minor's medical condition (discussed below) and by the judge's determination that the minor was acting under the influence of her boyfriend, the father of the child. The judge arrived at that finding on the basis of a statement by the minor, in response to a question asked by the judge, that the father also wanted the minor to have the abortion she was requesting. Similarly, without probing the subject, the judge declined to credit the minor's expressed desire to return to school. The judge was not, of course, required to believe what

the minor said. Refusing counsel permission to ask any questions on these subjects however, risked seizing upon what may have been unwarranted conclusions.

2. *The minor's best interests.* The electronic transcription of the hearing shows that the minor's counsel sought to elicit testimony from the minor about her medical history and was entirely shut off on that score. Yet the minor's medical condition had a decisive bearing on the second test imposed by the statute, whether the best interests of the child warranted an abortion.

The minor suffered from a cardiac defect which on three occasions had been the focus of surgery. She was receiving medication which involved a risk of birth defects. Curtailment of that medication would produce serious risks to health. Although the minor mentioned that she had "heart trouble," the judge neither followed up that testimony nor permitted the minor's lawyer to ask questions which would have allowed the minor to elaborate on her medical condition.

This was not the minor's first pregnancy. She already had a child at home and there had been an intervening pregnancy which terminated in circumstances not clear from the record. That account, as well as the idea that the minor's choice was strongly influenced by the biological father, persuaded the judge that the minor was immature and incapable of giving informed consent to the proposed abortion. Having so concluded, however, it was error for the judge not to proceed, although requested by counsel so to do, to the "best interests" test.

We are of opinion that the health risks to the minor in carrying to term were such as to require a finding that performance of the requested abortion is in her best interests. Under the time constraints which are characteristic of these proceedings, we did not consider a remand to the Superior Court feasible. Accordingly we ordered that the requested abortion might be performed.

*Paula Scheer-Mayer* for the petitioner.